*801 OPINION.
Aeundell :
The transactions between petitioner and its “ stockholders ” on the one hand, and the “ stockholders ” and Angie M. Booth on the other hand, were, in so far as petitioner was con *802 cerned, essentially ones for the securing of capital for use in its business. The money acquired by the “ stockholders ” from Mrs. Booth was immediately turned over by them to petitioner, which agreed on its part to pay the “ stockholders ” an amount sufficient to permit them to reacquire the stock held by Mrs. Booth on the terms set forth in the option.
. It was deemed best by all parties concerned to modify the existing agreements. The contracts of March 31, 1921, were thereupon entered into. By the terms of these latter contracts petitioner became obligated to pay the sum of $7,549.15 and did within the year pay in cash $6,049.15. It is clear to us that the amount sought to be deducted represented an amount petitioner was obligated to pay for the use of money, and as such was properly deductible in determining petitioner’s net income. Prior to March 31,1921, the liability had not arisen and it ivas therefore improper for the respondent to apportion the deduction over the years 1918, 1919, and 1920. Inasmuch as petitioner was on an accrual basis, the sum of $7,549.15 should be allowed as a deduction in determining petitioner’s net income for the year 1921.

Judgment will he entered under Rule 50.